UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

XIOMARA PEREZ,

                         Plaintiff,

        -v-

MASON TENDERS DISTRICT COUNCIL TRUST
FUNDS,

                         Defendant.

-----------------------------------------------------------------X

17 Civ. 1022 (PAE) (AJP)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

*Pro se* plaintiff Xiomara Perez brings this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111–12117, alleging, primarily, that Mason Tenders District Counsel Trust Funds (hereinafter "Mason Tenders") failed to accommodate her disability. Now before the Court is the July 12, 2017 Report and Recommendation of the Hon. Andrew J. Peck, United States Magistrate Judge, recommending that the Court grant Mason Tenders' motion to dismiss, Dkt. 14, as well as Perez's objections to the Report, Dkt. 20 ("Objections"), and Mason Tenders' opposition to Perez's Objections, Dkt. 27.

For the following reasons, the Court adopts Judge Peck's recommendation and dismisses this action.

I.       **Background[1] and Procedural History**

---

[1] The facts are taken predominantly from Perez's complaint and attachments, Dkt, 2, her opposition to the motion to dismiss and attachments, Dkt. 15 ("Perez Opp."), and her objections to Judge Peck's Report and Recommendations and attachments, Objections. These facts are assumed true for the purposes of resolving the instant motion to dismiss.

Since 2005, Plaintiff Xiomara Perez ("Perez") has been an employee at Mason Tenders. Dkt. 2 at 10. On approximately May 13, 2016, according to Perez's complaint, she filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id.* at 3. On October 4, 2016, she completed an EEOC intake questionnaire in which she alleged that her employer had failed to accommodate her disability, *id.* at 9–13, which she described as "sleepiness, weakness, tiredness, aches and inability to walk a normal pace," *id.* at 12.

On November 8, 2016, the EEOC dismissed her charge, issuing a "Dismissal and Notice of Rights" to Plaintiff. *Id.* at 5. Perez, it appears, received this notice the same day. *Id.* at 4. The EEOC, according to the notice, had been "unable to conclude that the information obtained establishes violations of the statutes." *Id.* at 5. The notice told Perez that she had 90 days, from her receipt of the notice, to file a lawsuit based on her charge. *Id.*

On December 13, 2016, Perez retained a lawyer to help her negotiate a raise with Mason Tenders. Perez Opp. at 4; *see also* Perez Opp. Ex. A. According to Perez, her lawyer told her she would have to file a complaint herself if the negotiations failed. Objections at 7. He was to inform her by telephone immediately of the outcome of those negotiations. *Id.*

On January 24, 2017, Perez's lawyer wrote a letter informing Perez that the wage negotiations with her employer had failed. *See* Perez Opp. Ex. C. On February 6, 2017,[2] Perez received that letter. Objections at 7.

On February 8, 2017, 92 days after her receipt of the EEOC notice, Perez filed her complaint with this Court. Dkt. 2.

---

[2] In her opposition to the motion to dismiss, Perez states that she received this letter on February 3, 2017. *See* Perez Opp. at 4.

On June 19, 2017, Mason Tenders filed a motion to dismiss the complaint and memorandum of law in support. Dkts. 9–10.

On June 28, 2017, this Court referred the case to Magistrate Judge Peck for a report and recommendation on Mason Tenders' motion to dismiss. Dkt. 14.

On June 30, 2017, Perez filed a response in opposition to the motion to dismiss. Dkt. 15.

On July 11, 2017, Mason Tenders filed its reply. Dkt. 17.

On July 12, 2017, Judge Peck held a hearing and, on the record, explained that he believed Mason Tenders' motion should be granted because Perez's complaint had been untimely. Dkt. 22 ("Hr'g Trans."). That same day, Judge Peck issued a report and recommendation which stated the following: "For the reasons stated on the record at today's conference (*see* transcript), the Court should dismiss the case for failure to sue within 90 days of receipt of the E.E.O.C. right to sue letter." Dkt. 19.

On July 26, 2017, Perez filed her objections to Judge Peck's report and recommendation. Dkt. 20. On July 27, 2017, Perez filed a sur-reply to Mason Tenders's motion to dismiss. Dkt. 21. On July 28, 2017, Mason Tenders filed a letter request, directed at Judge Peck, to strike Perez's sur-reply. Dkt. 22. On August 9, 2017, Judge Peck denied Mason Tenders' letter request. Dkt. 26. On August 9, 2017, Mason Tenders filed its response to Perez's objections to Judge Peck's report and recommendations. Dkt. 27.

## II. Discussion

After a magistrate judge has issued a report and recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo*. *See id.*; Fed. R. Civ. P. 72(b)(3);

3

*Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). But when the objections simply reiterate previous arguments or make only conclusory statements, the court should review the Report and Recommendation for clear error. *Dickerson v. Conway*, No. 08 Civ. 8024 (PAE) (FM), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *see Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (collecting cases). This is so even in the case of a *pro se* petitioner. *Cf. Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

Evaluated under either standard, Judge Peck's Report and Recommendation merits adoption. Perez admitted in her complaint and conceded on the record before Judge Peck that her complaint was filed late—92 days after she received notice of the dismissal and of her right to sue in federal or state court. Rather than disputing the fact of the missed deadline, she argues that she is entitled to leniency because she is *pro se* and because her attorney was negligent. Both arguments fail.

### A.     The 90-Day Deadline to File Suit

Before filing a lawsuit in federal court, under the ADA, a complainant must generally file a charge with the EEOC. *See Gomez v. N.Y.C. Police Dep't*, 191 F. Supp. 3d 293, 299 (S.D.N.Y. 2016). The EEOC then determines whether to pursue that charge or to dismiss it. If the EEOC dismisses the charge, it gives notice to the complainant of her right to sue in federal or state court. The complainant then has 90 days from receipt of that notice to commence a discrimination action. *See* 42 U.S.C. §§ 2000e-5(f), 12117(a); *see also Tiberio*, 664 F.3d at 37 (2d Cir. 2011).

Although *pro se* plaintiffs are entitled to leniency in other areas of litigation, the case law is clear: The 90-day deadline is strictly enforced against represented and *pro se* plaintiffs alike. If a *pro se* plaintiff misses her deadline by a few days, or even one day, her action must be

dismissed as untimely. *See, e.g., Ayala v. U.S. Postal Serv.*, No. 15-CV-4919 (VSB), 2017 WL 1234028, at *6 (S.D.N.Y. Mar. 31, 2017) (one day late); *Moore v. City of New York*, No. 15 Civ. 4578 (KPF), 2016 WL 3963120, at *7 (S.D.N.Y. July 21, 2016) (five days late); *Moscowitz v. Brown*, 850 F. Supp. 1185, 1191 (S.D.N.Y. 1994) (one day late), *abrogated on other grounds*, 216 F.3d 258 (2d Cir. 2000); *see also Nash v. Human Dev. Servs.*, No. 02 Civ. 8551 (DF), 2003 WL 22871911, at *5 (S.D.N.Y. Dec. 4, 2003) (The 90-day time limit "should be strictly enforced and not extended by even one day.") (quoting *Holmes v. NBC/GE*, 914 F. Supp. 1040, 1042 (S.D.N.Y. 1996)). A *pro se* litigant's mistake about the correct way to calculate the deadline, such as the misconception that the 90-day deadline is equivalent to a three-month deadline, is not an excuse. *See Smith v. Sebelius*, No. 10 Civ. 6356 (JSR) (DF), 2011 WL 7427733, at *6 (S.D.N.Y. Dec. 28, 2011), *report and recommendation adopted*, No. 10 Civ. 6356 (JSR) (DF), 2012 WL 627237 (S.D.N.Y. Feb. 27, 2012). Because plaintiff admits that her complaint was filed two days after the 90-day deadline,[3] her case must be dismissed unless that deadline was, for some reason, tolled.

B. **Perez's Claim of Attorney Negligence**

Perez argues that, because her attorney failed to inform her promptly of the failure of his salary negotiations on her behalf, the statute of limitations should be tolled. The 90-day deadline

---

[3] The Dismissal and Notice of Rights does not state when Perez *received* this document. *See* Dkt. 2 at 5. In instances where the notice has been mailed to the complainant, courts ordinarily apply a presumption that it was received three days after it was mailed. *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996); *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011). Here, however, Perez concedes that she received the notice on November 8, 2016—she so acknowledged both in her complaint and on the record before Judge Peck. *See* Dkt. 2 at 3; Hr'g Trans. 3. Accordingly, Perez is not entitled to invoke the three-day presumption. *See Jones v. Rochester City Sch. Dist.*, 676 F. App'x 95, 97 (2d Cir. 2017) (declining to apply presumption where "Appellant made clear in his complaint and summary judgment papers that he received the letter on June 29, 2011.").

to file an ADA complaint is subject to equitable tolling. *See Moore*, 2016 WL 3963120, at *6. However, for tolling to be warranted, the circumstances that caused the delay must be "rare and exceptional." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). A plaintiff's "garden variety claim of excusable neglect" by her attorney is not enough to warrant equitable tolling. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Reeves v. City of Yonkers*, No. 16-CV-2223 (KMK), 2017 WL 2275025, at *4 (S.D.N.Y. May 24, 2017) (citing *Irwin*). Instead, something more akin to "effective abandonment of the attorney-client relationship" is required. *See Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015) (habeas post-conviction review) (quoting *Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012)); *see also Reeves*, 2017 WL 2275025, at *5 (citing *Martinez*).

Here, Perez does not argue that her attorney was responsible for filing her ADA lawsuit; in her objections, Perez admits that the attorney told her she, not he, was responsible for doing so. The attorney's failure to report more quickly to Perez that her employer had declined to give her a raise is not conduct that rises to the level of such abandonment. It is at most "garden variety" negligence. *Cf. Lawrence v. Greene*, No. 06-CV-0202 (DLI), 2011 WL 1327128, at *4 (E.D.N.Y. Mar. 31, 2011) (refusing to apply equitable tolling when counsel failed to file habeas petition and was "delayed at times" in responding to petitioner's letters). Under these circumstances, the exceptional remedy of equitably tolling Perez's claims is not warranted. Her ADA claims must instead be dismissed as untimely.

## CONCLUSION

For the foregoing reasons, the Court grants Mason Tenders' motion to dismiss the Complaint. Perez's claims are dismissed with prejudice. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 9 and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: November 1, 2017
 New York, New York